14-412-cr; 14-496-cr
United States v. Mendez-Perez; Mendez-Ramirez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
                     GUIDO CALABRESI,
                     REENA RAGGI,
                                 *Circuit Judges*.
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                 *Appellee*,

                         v.                                                                    No. 14-412-cr
                                                                                                    (tandem)
MARCOS MENDEZ-PEREZ,
                                 *Defendant-Appellant*,

CARLOS GARCIA-DE LA ROSA, AKA Pirulo, AKA Miguel, AKA Choqui, MARIA BAUTISTA-PENA, AKA Maricruz, MIGUEL ANGEL CHE-VELIZ, AKA Miguelon, MARGARITO DEGANTE, AKA Chachalaco, JAVIER LEON-CHAVEZ, AKA Ricardo, AKA Ricardito, SERGIO DEGANTE-GALENO, AKA Huesito, MARIO PEDRO MARTINEZ-BARRERA, AKA Mickey Mouse, FRANCISCO JAVIER MENDEZ-RAMIREZ, MANUEL GOMEZ-BATANA, ALEJANDRO DEGANTE-GALENO, AKA Celestino Degante Galeno, AKA El Zorro, ISIDRO DEGANTE-GALENO, AKA Cachorro, AKA El Perro, AKA Marcos, ALBERTO JESUS MARTINEZ-MIRANDA, AKA Barbitas, AKA Barbas, AKA FNU LNU, VALENTIN

1

JIAMEZ-DOLORES, PEDRO DEGANTE-GALENO, AKA Barbon, AKA Barbas, ISAIAS FLORES-MENDEZ, AKA Jesus Diaz, AKA Adrian Sanchez-Mendez, AKA Sealed Defendant 1, AKA Adrian Sanchez Mendez, AKA Jesus Diaz-Rincon, AKA Chelo, BONIFACIO FLORES-MENDEZ, AKA Mota, AKA Boni,

*Defendants*.

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.

FRANCISCO JAVIER MENDEZ-RAMIREZ,

*Defendant-Appellant*,

ISAIAS FLORES-MENDEZ, AKA Jesus Diaz, AKA Adrian Sanchez-Mendez, AKA Sealed Defendant 1, AKA Adrian Sanchez Mendez, AKA Jesus Diaz-Rincon, AKA Chelo, BONIFACIO FLORES-MENDEZ, AKA Mota, AKA Boni, CARLOS GARCIA-DE LA ROSA, AKA Pirulo, AKA Miguel, AKA Choqui, ALEJANDRO DEGANTE-GALENO, AKA Celestino Degante Galeno, AKA El Zorro, MARIA BAUTISTA-PENA, AKA Maricruz, MIGUEL ANGEL CHE-VELIZ, AKA Miguelon, ISIDRO DEGANTE-GALENO, AKA Cachorro, AKA El Perro, AKA Marcos, MARGARITO DEGANTE, AKA Chachalaco, VALENTIN JIAMEZ-DOLORES, ALBERTO JESUS MARTINEZ-MIRANDA, AKA Barbitas, AKA Barbas, AKA FNU LNU, PEDRO DEGANTE-GALENO, AKA Barbon, AKA Barbas, MANUEL GOMEZ-BATANA, JAVIER LEON-CHAVEZ, AKA Ricardo, AKA Ricardito, SERGIO DEGANTE-GALENO, AKA Huesito, MARIO PEDRO MARTINEZ-BARRERA, AKA Mickey Mouse, MARCOS MENDEZ-PEREZ,

*Defendants*.

---------------------------------------------------------------------

APPEARING FOR APPELLANTS:     NEIL B. CHECKMAN, ESQ. (Georgia J. Hinde, Esq., *on the brief*), New York, New York, *for* Marcos Mendez-Perez.

No. 14-496-cr
(tandem)

2

Natali J.H. Todd, Law Offices of Natali J.H. Todd, P.C., Brooklyn, New York, *for* Francisco Javier Mendez-Ramirez.

APPEARING FOR APPELLEE:   BRIAN A. JACOBS, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeals from judgments of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 4, 2014 (as to Mendez-Perez) is AFFIRMED except to the extent we REMAND for such correction as indicated in this order, and the judgment entered on February 5, 2014 (as to Mendez-Ramirez) is AFFIRMED as to the incarceratory aspect of the sentence and VACATED and REMANDED as to the fine.

Defendants Marcos Mendez-Perez and Francisco Javier Mendez-Ramirez stand convicted after guilty pleas of one count of conspiracy to violate the Travel Act in furtherance of a prostitution enterprise. See 18 U.S.C. §§ 371, 1952. Each defendant was sentenced principally to an above-Guidelines, statutory-maximum term of 60 months' imprisonment, and each argues on appeal that his sentence is both procedurally and substantively unreasonable. In addition, Mendez-Perez argues that there is an error in the written judgment in his case. We assume the parties' familiarity with the facts

---

[1] These two appeals are not consolidated, but they were argued and submitted in tandem and arise from the same underlying case in the district court. Because these two co-defendants advance similar arguments, their appeals are resolved together in this joint summary order.

and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm in both cases, except to the extent we remand for correction of the judgment in Mendez-Perez's case.

We review a challenged sentence for "'reasonableness,' 'a particularly deferential form of abuse-of-discretion review' that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)).

1.    Procedural Unreasonableness

Defendants contend that the district court committed procedural error (1) by making clearly erroneous factual findings as to (a) the number of victims, (b) the psychological harm experienced by those victims, and (c) defendants' knowledge of the use of force or coercion by other members of the conspiracy; (2) by failing to consider various relevant factors and giving too much weight to others; and (3) in Mendez-Perez's case, by remaining anchored to an incorrect, higher Guidelines range even after correcting an earlier calculation mistake.   None of these arguments is persuasive.

First, each defendant's counsel explicitly stated that the facts outlined in the presentence reports, as supplemented by the government's letter of January 30, 2014, in response to court order, were uncontested (with the exception of the conclusions urged as to the these defendants' knowledge of force or coercion as discussed below).   These uncontested facts included the following: (1) hundreds of women were victims of the overall prostitution scheme; (2) as many as 28 victims worked at the Poughkeepsie

4

brothel during Mendez-Perez's participation in the conspiracy, and as many as 52 victims worked at the Newburgh brothel during Mendez-Ramirez's participation; and (3) "[i]n many cases, the women involved were victims who were forced to work as prostitutes against their will in deplorable conditions, whereby they were required to have sex with customers in 15-minute increments, for up to between 20 and 30 customers per day," Presentence Reports ¶ 23. Accordingly, defendants are barred from challenging those facts on appeal. See Fed. R. Crim. P. 32(i)(3)(A); United States v. Jass, 569 F.3d 47, 66 (2d Cir. 2009).

As to the factual inferences the district court drew from the above facts, namely, that defendants must have known that at least some of the victims were being forced or coerced into prostitution, we identify no clear error in that conclusion. See United States v. Cavera, 550 F.3d at 190 ("A district court commits procedural error where it . . . rests its sentence on a clearly erroneous finding of fact."). The presentence reports and other uncontested facts indicated (1) that many of the scheme's prostitutes were trafficking victims, and (2) that these women regularly rotated among the conspiracy's four brothels on a weekly basis. These circumstances admitted a finding that at least some of the women who worked at the brothels where defendants Mendez-Perez and Mendez-Ramirez lived and worked were trafficking victims. The record further indicated that these defendants worked at the brothels as live-in doormen, cooks, and money collectors (Mendez-Perez for seven months, and Mendez-Ramirez for approximately a year) interacting with their co-conspirators, the customers, and the prostituted women. From the nature of these interactions, the length of defendants'

5

involvement, the number of women involved, the adverse conditions in the brothels, the fact that the money the women earned was regularly collected by these defendants and withheld from the women, and the number of customers defendants brought to the women every day, the district court could certainly make a preponderance finding that Mendez-Perez and Mendez-Ramirez must have known that at least some of the women were being forced or coerced into prostitution. See United States v. Gaskin, 364 F.3d 438, 464 (2d Cir. 2004) ("[A] sentencing court, like a jury, may base its factfinding on circumstantial evidence and on reasonable inferences drawn therefrom."); see also United States v. Salim, 549 F.3d 67, 74 (2d Cir. 2008) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)); United States v. Reyes, 302 F.3d 48, 54–57 (2d Cir. 2002) (discussing how defendant's knowledge of conspiracy's unlawful objectives can be shown through conscious avoidance of what should be obvious from circumstances).

Although Mendez-Ramirez also challenges the district court's reference to the harm inflicted on the women victimized by the scheme, he failed to raise this objection to the district court. We therefore review the matter only for plain error, see United States v. Villafuerte, 502 F.3d 204, 207 (2d Cir. 2007), a standard that requires Mendez-Ramirez to show (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question the fairness, integrity, or public reputation of judicial proceedings, see United States v. Marcus, 560 U.S. 258, 262 (2010). We identify no such error. The district court was entitled to draw reasonable inferences of harm from the uncontested facts regarding the use of force and coercion, the conditions in which the

6

women worked, and the number of acts of prostitution they were forced to undertake on a daily basis. See United States v. Gaskin, 364 F.3d at 464.

Second, we similarly review for plain error defendants' unpreserved procedural argument that the district court failed to afford individualized sentencing consideration and failed to consider the need to avoid unwarranted sentencing similarity among differently situated co-conspirators. See United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (holding alleged failure properly to consider § 3553(a) factors subject to plain error review where not raised to district court). Defendants' sentencing transcripts reveal that the district court adequately considered the § 3553(a) factors, including, inter alia, defendants' individual personal circumstances and roles in the offense, the relative culpability among the various co-defendants, and the parsimony principle. See, e.g., Mendez-Perez Sentencing Tr. 34:5–35:19, 37:20–39:15; Mendez-Ramirez Sentencing Tr. 15:24–16:20, 20:11–21:21, 24:16–25. This precludes a finding of plain error. See United States v. Wagner-Dano, 679 F.3d at 89 ("In this Circuit, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors. We do not require robotic incantations that the district court has considered each of the § 3553(a) factors." (internal quotation marks, citations, and alterations omitted)). Defendants' arguments that the district court misbalanced those factors by overemphasizing some and discounting others goes to substantive unreasonableness and is addressed below. See United States v. Cavera, 550 F.3d at 191; see also United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the

7

sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." (internal quotation marks omitted)).

Third, the transcript of Mendez-Perez's sentencing hearing does not support his contention that the district court remained improperly influenced by an earlier, mistaken Guidelines calculation even after that calculation was corrected. Rather, after correcting the Guidelines calculation, the district court properly proceeded to discuss the appropriate sentencing factors, including the defendant's characteristics, the nature and severity of the offense, and the goals and purposes of sentencing, and concluded that an above-Guidelines sentence was necessary to serve the sentencing objectives of 18 U.S.C. § 3553(a). On this record, we are satisfied that the earlier error did not impermissibly influence the court's ultimate sentencing determination in Mendez-Perez's case.

Accordingly, we identify no procedural unreasonableness in the challenged sentences.

2.    Substantive Unreasonableness

A defendant arguing substantive unreasonableness "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." United States v. Broxmeyer, 699 F.3d at 289. When reviewing a non-Guidelines sentence, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). We "do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case."

8

United States v. Cavera, 550 F.3d at 191 (internal citation omitted). We will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted); see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) ("[D]istrict courts enjoy considerable discretion in identifying the grounds that can justify a non-Guidelines sentence.")

That is not these cases. The record reveals that the district court carefully considered the § 3553(a) factors in light of Mendez-Perez and Mendez-Ramirez's individual circumstances, including their roles in the conspiracy and their family and financial backgrounds. The district court also explained that it was varying from the Guidelines' recommendation because it thought the Guidelines failed to capture the true seriousness of defendants' offense conduct in light of the victimization of the women serving as prostitutes, the number of women so victimized, the number of acts of prostitution undertaken on a daily basis, and the length of defendants' participation in the scheme. See Kimbrough v. United States, 552 U.S. 85, 109–110 (2007) (describing district court's authority to vary from Guidelines recommendation where court concludes Guidelines do not fully capture § 3553(a) factors in individual case).

Nor can we conclude that the district court assigned more weight to the seriousness of defendants' offense conduct than that factor reasonably can bear. See United States v. Cavera, 550 F.3d at 191. While these defendants were not leaders of

the conspiracy,[2] each played an important role in its operation.   Mendez-Perez oversaw the daily operation of the Poughkeepsie brothel for seven months, functioning as a live-in doorman, money collector, cook, and bodyguard to the women.   Mendez-Ramirez played a similar role at the Newburgh location for an entire year.   Given these roles in an expansive and long-running scheme that not only involved illegal prostitution but also victimized the women forced to serve as prostitutes, we cannot conclude that 60-month sentences are substantively unreasonable.

3.      Error in the Judgment as to Mendez-Perez

Mendez-Perez contends that there is an error in the written judgment in his case, in that, instead of the $3,000 order of restitution pronounced at the sentencing hearing, the written judgment includes an unexplained handwritten modification striking that restitution order and substituting a $3,000 fine in its place.   The government agrees that this modification is error and consents to correction of the written judgment.   See United States v. Salameh, 261 F.3d 271, 276 (2d Cir. 2001) ("Where an unambiguous oral sentence conflicts with the written judgment, the constitutional right of a defendant to be present at sentencing dictates that the oral pronouncement of sentence must control." (internal quotation marks omitted)).   Accordingly, we remand Mendez-Perez's case to the district court for the limited purpose of correcting the written judgment accurately to

---

[2] The leaders of the conspiracy pleaded guilty to more serious charges and received sentences of life imprisonment, the challenges to which are not before this panel.   See United States v. Isaias Flores-Mendez, No. 14-2190-cr (2d Cir. filed June 10, 2014); United States v. Bonifacio Flores-Mendez, No. 14-2191-cr (2d Cir. filed June 12, 2014).

reflect that Mendez-Perez's sentence included a $3,000 order of restitution and not a $3,000 fine. We affirm Mendez-Perez's judgment of conviction in all other respects.

4.     Mendez-Ramirez's Fine

Mendez-Ramirez also challenges the district court's imposition of a $3,075 fine due to an asserted inability to pay in light of the $3,000 mandatory order of restitution. See 18 U.S.C. § 3572. The district court initially declined to include a fine because Mendez-Ramirez did not have the ability to pay. After imposing $3,000 in mandatory restitution, the court then stated its intention specifically to designate for satisfaction of the restitution order the $3,000 balance of Mendez-Ramirez's checking account through an order of forfeiture. Defense counsel objected and represented that those assets were not traceable to the instant offense and, therefore, not subject to forfeiture. In response, the district court stated, "It's very important that that money go to the victim of the crime and that if there's a mandatory restitution obligation . . . and there be a way of paying it, that it goes to the victim," Mendez-Ramirez Sentencing Tr. 29:19–22, and then sentenced Mendez-Ramirez to a $3,075 fine. In light of (1) the mismatch between the district court's stated intention (to have the money flow to the victim through restitution) and the sentence it imposed (a fine, which is payable to the government independent of the restitution order, see generally 18 U.S.C. § 3611); and (2) the court's statutory obligation to "impose a fine or other monetary penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution," id. § 3572(b), we vacate the $3,075 fine and remand for the limited purpose of resentencing as to the pecuniary aspects of the sentence. If the district court truly intended to impose both a $3,000 order

11

of restitution (payable to the victim) and a $3,075 fine (payable to the government), it should consider whether Mendez-Ramirez has the ability to pay both independent pecuniary obligations. We affirm Mendez-Ramirez's judgment of conviction in all other respects.

We have considered defendants' remaining arguments, and we conclude that they are without merit.[3] Accordingly, Mendez-Perez's judgment of conviction and sentence are AFFIRMED, except to the extent we REMAND the judgment for the limited purpose of effecting the correction indicated in this order, and Mendez-Ramirez's judgment of conviction and sentence are AFFIRMED in part and VACATED and REMANDED in part solely as to the fine as described in this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Because we affirm the challenged sentences in principal part, we decline to transfer these cases to a different district judge on remand.