14-855-cr; 14-1189-cr; 14-757-cr; 14-1035-cr
United States v. Degante-Galeno; Martinez-Miranda; Gomez-Batana; Degante-Galeno

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand fifteen.

PRESENT: JOHN M. WALKER, JR.,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                   No. 14-855-cr
(tandem)

ALEJANDRO DEGANTE-GALENO, AKA Celestino Degante Galeno, AKA El Zorro,
*Defendant-Appellant*,

ISAIAS FLORES-MENDEZ, AKA Jesus Diaz, AKA Adrian Sanchez-Mendez, AKA Sealed Defendant 1, AKA Adrian Sanchez Mendez, AKA Jesus Diaz-Rincon, AKA Chelo, BONIFACIO FLORES-MENDEZ, AKA Mota, AKA Boni, CARLOS GARCIA-DE LA ROSA, AKA Pirulo, AKA Miguel, AKA Choqui, MARIA BAUTISTA-PENA, AKA Maricruz, MIGUEL ANGEL CHE-VELIZ, AKA Miguelon, ISIDRO DEGANTE-GALENO, AKA Cachorro, AKA El Perro, AKA Marcos, MARGARITO DEGANTE, AKA Chachalaco, VALENTIN JIAMEZ-DOLORES, ALBERTO JESUS MARTINEZ-MIRANDA, AKA Barbitas, AKA Barbas, AKA FNU LNU, PEDRO DEGANTE-GALENO,

1

AKA Barbon, AKA Barbas, JAVIER LEON-CHAVEZ, AKA Ricardo, AKA Ricardito, SERGIO DEGANTE-GALENO, AKA Huesito, MARIO PEDRO MARTINEZ-BARRERA, AKA Mickey Mouse, MARCOS MENDEZ-PEREZ, MANUEL GOMEZ-BATANA, FRANCISCO JAVIER MENDEZ-RAMIREZ,

         *Defendants*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

         *Appellee*,


         v.

No. 14-1189-cr
(tandem)

ALBERTO JESUS MARTINEZ-MIRANDA, AKA Barbitas, AKA Barbas, AKA FNU LNU,

         *Defendant-Appellant*,


ISAIAS FLORES-MENDEZ, AKA Jesus Diaz, AKA Adrian Sanchez-Mendez, AKA Sealed Defendant 1, AKA Adrian Sanchez Mendez, AKA Jesus Diaz-Rincon, AKA Chelo, BONIFACIO FLORES-MENDEZ, AKA Mota, AKA Boni, CARLOS GARCIA-DE LA ROSA, AKA Pirulo, AKA Miguel, AKA Choqui, MARIA BAUTISTA-PENA, AKA Maricruz, MIGUEL ANGEL CHE-VELIZ, AKA Miguelon, ISIDRO DEGANTE-GALENO, AKA Cachorro, AKA El Perro, AKA Marcos, MARGARITO DEGANTE, AKA Chachalaco, VALENTIN JIAMEZ-DOLORES, PEDRO DEGANTE-GALENO, AKA Barbon, AKA Barbas, JAVIER LEON-CHAVEZ, AKA Ricardo, AKA Ricardito, SERGIO DEGANTE-GALENO, AKA Huesito, MARIO PEDRO MARTINEZ-BARRERA, AKA Mickey Mouse, MARCOS MENDEZ-PEREZ, ALEJANDRO DEGANTE-GALENO, AKA Celestino Degante Galeno, AKA El Zorro, MANUEL GOMEZ-BATANA, FRANCISCO JAVIER MENDEZ-RAMIREZ,

         *Defendants*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

         *Appellee*,


         v.

No. 14-757-cr
(tandem)

MANUEL GOMEZ-BATANA,

         *Defendant-Appellant*,

2

ISAIAS FLORES-MENDEZ, AKA Jesus Diaz, AKA Adrian Sanchez-Mendez, AKA Sealed Defendant 1, AKA Adrian Sanchez Mendez, AKA Jesus Diaz-Rincon, AKA Chelo, BONIFACIO FLORES-MENDEZ, AKA Mota, AKA Boni, CARLOS GARCIA-DE LA ROSA, AKA Pirulo, AKA Miguel, AKA Choqui, ALEJANDRO DEGANTE-GALENO, AKA Celestino Degante Galeno, AKA El Zorro, MARIA BAUTISTA-PENA, AKA Maricruz, MIGUEL ANGEL CHE-VELIZ, AKA Miguelon, ISIDRO DEGANTE-GALENO, AKA Cachorro, AKA El Perro, AKA Marcos, MARGARITO DEGANTE, AKA Chachalaco, VALENTIN JIAMEZ-DOLORES, ALBERTO JESUS MARTINEZ-MIRANDA, AKA Barbitas, AKA Barbas, AKA FNU LNU, PEDRO DEGANTE-GALENO, AKA Barbon, AKA Barbas, JAVIER LEON-CHAVEZ, AKA Ricardo, AKA Ricardito, SERGIO DEGANTE-GALENO, AKA Huesito, MARIO PEDRO MARTINEZ-BARRERA, AKA Mickey Mouse, MARCOS MENDEZ-PEREZ, FRANCISCO JAVIER MENDEZ-RAMIREZ,

*Defendants.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.

No. 14-1035-cr
(tandem)

ISIDRO DEGANTE-GALENO, AKA Cachorro, AKA El Perro, AKA Marcos,

*Defendant-Appellant*,

ISAIAS FLORES-MENDEZ, AKA Jesus Diaz, AKA Adrian Sanchez-Mendez, AKA Sealed Defendant 1, AKA Adrian Sanchez Mendez, AKA Jesus Diaz-Rincon, AKA Chelo, BONIFACIO FLORES-MENDEZ, AKA Mota, AKA Boni, CARLOS GARCIA-DE LA ROSA, AKA Pirulo, AKA Miguel, AKA Choqui, MARIA BAUTISTA-PENA, AKA Maricruz, MIGUEL ANGEL CHE-VELIZ, AKA Miguelon, MARGARITO DEGANTE, AKA Chachalaco, VALENTIN JIAMEZ-DOLORES, ALBERTO JESUS MARTINEZ-MIRANDA, AKA Barbitas, AKA Barbas, AKA FNU LNU, PEDRO DEGANTE-GALENO, AKA Barbon, AKA Barbas, JAVIER LEON-CHAVEZ, AKA Ricardo, AKA Ricardito, SERGIO DEGANTE-GALENO, AKA Huesito, MARIO PEDRO MARTINEZ-BARRERA, AKA Mickey Mouse, MARCOS MENDEZ-PEREZ, ALEJANDRO DEGANTE-GALENO, AKA Celestino Degante Galeno, AKA El Zorro,

MANUEL GOMEZ-BATANA, FRANCISCO JAVIER MENDEZ-RAMIREZ,

*Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:     JOEL M. STEIN, ESQ., New York, New York, *for* Alejandro Degante-Galeno.

FREDERICK H. COHN, ESQ., Jersey City, New Jersey, *for* Alberto Jesus Martinez-Miranda.

Karloff C. Commissiong, Adams & Commissiong LLP, New York, New York, *for* Manuel Gomez-Batana.

David Keith Bertan, Esq., Bronx, New York, *for* Isidro Degante-Galeno.

APPEARING FOR APPELLEE:     BRIAN A. JACOBS (Amanda Kramer, Rebecca Mermelstein, *on the brief in No. 14-855-cr*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeals from judgments of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on March 10, 2014 (as to Alejandro Degante-Galeno), April 9, 2014 (as to Martinez-Miranda), February 25, 2014 (as to Gomez-Batana), and April 2, 2014 (as to Isidro Degante-Galeno), are AFFIRMED.

---

[1] These four appeals are not consolidated, but they were argued and submitted in tandem and arise from the same underlying case in the district court. Because these four co-defendants advance similar arguments, their appeals are resolved together in this joint summary order.

Defendants Alejandro Degante-Galeno, Alberto Jesus Martinez-Miranda, Manuel Gomez-Batana, and Isidro Degante-Galeno stand convicted after guilty pleas of one count of conspiracy to violate the Travel Act in furtherance of a prostitution enterprise. See 18 U.S.C. §§ 371, 1952. Each defendant was sentenced principally to an above-Guidelines, statutory-maximum term of 60 months' imprisonment, and each argues on appeal that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm in each case.

We review a challenged sentence for "'reasonableness,' 'a particularly deferential form of abuse-of-discretion review' that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)).

1.      Procedural Unreasonableness

Defendants contend that the district court committed procedural error (1) by making factual findings without adequate support in the record as to (a) the scope of criminal conduct attributable to each of them and (b) the impact of the conspiracy on its victims; and (2) by failing to consider certain relevant factors and giving too much weight to others, such that defendants were denied individualized sentencing determinations. Because none of these defendants raised any of these issues to the district court, we review for plain error, see United States v. Villafuerte, 502 F.3d 204, 207 (2d Cir. 2007), a standard that requires defendants to show (1) error, (2) that is clear or obvious,

5

(3) affecting substantial rights, and (4) calling into question the fairness, integrity, or public reputation of judicial proceedings, see United States v. Marcus, 560 U.S. 258, 262 (2010). We identify no such error.

First, defendants challenge as speculative the district court's calculation of the number of prostitution acts necessary to generate each defendant's income from the conspiracy. The district court was clear, however, that these calculations were undertaken only to explain why the court viewed defendants' offense conduct as particularly serious.[2] In any event, the estimates were not without support in the record. The presentence reports included information about (and defendants elsewhere admitted) the money earned for each act of prostitution, defendants' individual earnings from the scheme, and the length of their participation in it. None of these defendants objected to the district court's adoption of the presentence reports' factual statements or to relevant supplemental facts submitted by the government. Defendants are, therefore, foreclosed from challenging those facts on appeal. See Fed. R. Crim. P. 32(i)(3)(A); United States v. Jass, 569 F.3d 47, 66 (2d Cir. 2009). Contrary to defendants' contentions, their cases are not like United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). In Dorvee, the district court made a factual assumption that was contradicted by record evidence, see id. at 183–84, whereas the district court's observations in this case are well-grounded in uncontested fact. Accordingly, we identify no plain error in the district court's use of

---

[2] In Isidro Degante-Galeno's case, the court merely noted that the defendant likely earned some profit from the offense, even if the exact amount could not be calculated. See Isidro Degante-Galeno Sentencing Tr. 24:13–25:3.

6

earnings estimates to explain the seriousness of each defendant's participation in the charged conspiracy.

To the extent Alejandro Degante-Galeno challenges the district court's reference to the harm inflicted on women victimized by the scheme, we similarly identify no plain error. While the district court observed that it is "impossible to know" the exact effect of the conspiracy on the women involved, Alejandro Degante-Galeno Sentencing Tr. 28:4–10, it was entitled to draw reasonable inferences from uncontested facts regarding (1) the use of force and coercion to secure the women's participation in prostitution, (2) the adverse conditions in which the women worked, and (3) the high number of acts of prostitution in which they were forced to engage on a daily basis. See United States v. Gaskin, 364 F.3d 438, 464 (2d Cir. 2004) ("[A] sentencing court, like a jury, may base its factfinding on circumstantial evidence and on reasonable inferences drawn therefrom.").

Second, defendants claim the district court committed procedural error by ignoring Guidelines' recommendations, failing adequately to consider all of the statutory sentencing factors, and failing to afford each defendant an individualized consideration. Here again, we identify no error, let alone plain error. See United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012). Defendants' sentencing transcripts reveal that the district court adequately considered the § 3553(a) factors, including, inter alia, (1) the seriousness of the crime, (2) defendants' individual roles in the offense, (3) defendants' individual personal circumstances, (4) the applicable Guidelines range, (5) proportionality in light of relative culpability, and (6) the parsimony principle. See,

7

e.g., Alejandro Degante-Galeno Sentencing Tr. 23:3–17, 24:6–18, 28:11–29:14, 31:2–19; Martinez-Miranda Sentencing Tr. 20:14–22:6, 26:16–27:19, 29:9–20, 31:6–9; Gomez-Batana Sentencing Tr. 12:20–14:3, 17:14–18:2, 19:21–20:18; Isidro Degante-Galeno Sentencing Tr. 17:1–23, 20:5–22:8, 27:1–12, 28:16–29:20, 30:4–7; see also United States v. Wagner-Dano, 679 F.3d at 89 ("In this Circuit, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors. We do not require robotic incantations that the district court has considered each of the § 3553(a) factors." (internal quotation marks, citations, and alterations omitted)). Defendants' arguments that the district court misbalanced those factors by overemphasizing some and discounting others goes to substantive unreasonableness and is addressed below. See United States v. Cavera, 550 F.3d at 191; see also United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." (internal quotation marks omitted)).

Accordingly, we identify no procedural unreasonableness in the challenged sentences.

2. Substantive Unreasonableness

A defendant arguing substantive unreasonableness "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." United States v. Broxmeyer, 699 F.3d at 289. Where, as here, we review a non-Guidelines sentence, we "must give due deference to the district court's decision that

8

the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). We "do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." United States v. Cavera, 550 F.3d at 191 (internal citation omitted). We will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted); see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) ("[D]istrict courts enjoy considerable discretion in identifying the grounds that can justify a non-Guidelines sentence.").

That is not these cases. The record reveals the district court's careful consideration of the § 3553(a) factors in light of each defendant's individual circumstances, including their roles in the conspiracy and their family and financial backgrounds. The district court also explained that it was varying from the Guidelines' recommendations because it thought the Guidelines failed to capture the true seriousness of the defendants' offense conduct in light of the victimization of the women serving as prostitutes, the number of women so victimized, the number of acts of prostitution undertaken on a daily basis, and the extended durations of the defendants' participation in the scheme. See Kimbrough v. United States, 552 U.S. 85, 109–110 (2007) (describing district court's authority to vary from Guidelines recommendation where court concludes Guidelines do not fully capture § 3553(a) factors in individual case).

Nor can we conclude that the district court assigned more weight to the seriousness of defendants' offense conduct than that factor reasonably can bear. See United States v. Cavera, 550 F.3d at 191. While these defendants were not leaders of the conspiracy,[3] each played an important role in its operation. Alejandro Degante-Galeno and Isidro Degante-Galeno both solicited business and worked as delivery drivers, bringing prostitutes to customers' homes. Alejandro Degante-Galeno also recruited his wife to work for the enterprise and was recorded in a phone conversation discussing appropriate punishment for a woman who asked to see fewer customers each day. Martinez-Miranda oversaw the daily operation of the Queens brothel for more than two years, functioning as a live-in doorman, money collector, cook, and bodyguard to the women. Gomez-Batana played a similar role at the Yonkers brothel, gathering customers outside and watching for the police. Given these roles in an expansive and long-running scheme that not only involved illegal prostitution but also victimized the women forced to serve as prostitutes, we cannot conclude that 60-month sentences are substantively unreasonable.

---

[3] The leaders of the conspiracy pleaded guilty to more serious charges and received sentences of life imprisonment, the challenges to which are not before this panel. See United States v. Isaias Flores-Mendez, No. 14-2190-cr (2d Cir. filed June 10, 2014); United States v. Bonifacio Flores-Mendez, No. 14-2191-cr (2d Cir. filed June 12, 2014).

10

We have considered defendants' remaining arguments, and we conclude that they are without merit.[4]   Accordingly, the judgments of conviction and sentences are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] Because we affirm the challenged sentences, defendants' request that their cases be transferred to a different district judge on remand is moot.