14-1840(L)
United States v. Jiamez-Dolores, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued:  June 2, 2016      Decided: August 3, 2016)

Docket Nos. 14-1840(L), 14-1842(CON)

───────────────────────────────────────────

United States of America,

*Appellee*,

v.

CARLOS GARCIA-DE LA ROSA, AKA Pirulo, AKA Miguel, AKA Choqui, MARIA BAUTISTA-PENA, AKA Maricruz, MIGUEL ANGEL CHE-VELIZ, AKA Miguelon, ISIDRO DEGANTE-GALENO, AKA Cachorro, AKA El Perro, AKA Marcos, MARGARITO DEGANTE, AKA Chachalaco, JAVIER LEON-CHAVEZ, AKA Ricardo, AKA Ricardito, SERGIO DEGANTE-GALENO, AKA Huesito, MARIO PEDRO MARTINEZ-BARRERA, AKA Mickey Mouse, MARCOS MENDEZ-PEREZ, ALEJANDRO DEGANTE-GALENO, AKA Celestino Degante Galeno, AKA El Zorro, ALBERTO JESUS MARTINEZ-MIRANDA, AKA Barbitas, AKA Barbas, AKA FNU LNU, MANUEL GOMEZ-BATANA, FRANCISCO JAVIER MENDEZ-RAMIREZ,  ISAIAS FLORES-MENDEZ, AKA Jesus Diaz, AKA Adrian Sanchez-Mendez, AKA Sealed Defendant 1, AKA Adrian Sanchez Mendez, AKA Jesus Diaz-Rincon, AKA Chelo,  BONIFACIO FLORES-MENDEZ, AKA Mota, AKA Boni,

*Defendants*,

VALENTIN JIAMEZ-DOLORES, PEDRO DEGANTE-GALENO, AKA Barbon, AKA Barbas,

*Defendants – Appellants.*

───────────────────────────────────────────

Before:      HALL, LYNCH, and CHIN, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).  Defendants-Appellants Pedro Degante-Galeno and Valentin Jiamez-Dolores each pleaded guilty to one count of conspiracy, 18 U.S.C. § 371, for their participation in a sex-trafficking enterprise.  Each defendant was sentenced to 60 months' imprisonment, the statutory maximum term.  On appeal, both defendants challenge the procedural and substantive reasonableness of their sentences, and Degante-Galeno argues that his guilty plea must be

vacated due to the court reporter's inability to produce a complete transcript of the change of plea proceedings. We write principally to address this latter argument. We AFFIRM the district court's judgment in all respects.

REBECCA MERMELSTEIN (Amanda Kramer, Margaret Garnett, *of counsel*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

RICHARD B. LIND, New York, NY, *for Defendant-Appellant Pedro Degante-Galeno.*

STEVEN R. KARTAGENER, New York, NY, *for Defendant-Appellant Valentin Jiamez-Dolores.*

PER CURIAM:

This criminal case involves the prosecution of a large-scale sex-trafficking enterprise in the New York City area.[1] For several years, Defendants-Appellants Valentin Jiamez-Dolores and Pedro Degante-Galeno participated in the prostitution ring, which involved four separate brothels and a delivery service by which women would be driven directly to customers' residences. Many of the women worked in deplorable conditions and were abused and forced to participate against their will. These women were required to have sex with up to 20 to 30 customers per day and received as little as $15 per customer.

Jiamez-Dolores and Degante-Galeno pleaded guilty to conspiring to use facilities in interstate commerce for the promotion, management, and facilitation of a prostitution trafficking

---

[1] The Superseding Indictment charged Defendants-Appellants, along with fifteen other conspirators, with offenses related to their participation in the sex-trafficking enterprises. Previously, a panel of this Court affirmed the convictions and sentences of six conspirators, Alejandro Degante–Galeno, Alberto Jesus Martinez–Miranda, Manuel Gomez–Batana, Isidro Degante–Galeno, Marcos Mendez-Perez, and Francisco Javier Mendez-Ramirez. *See United States v. Degante-Galeno*, 609 F. App'x 21 (2d Cir. 2015) (summary order); *United States v. Mendez-Perez*, 607 F. App'x 39 (2d Cir. 2015). In addition, Isaias Flores-Mendez and Bonifacio Flores-Mendez pleaded guilty and received sentences of life imprisonment. Their appeals were dismissed as barred by their appellate waiver agreements. (*See* Order, ECF No. 205.) Only Valentin Jiamez-Dolores' and Pedro Degante-Galeno's claims are before us on this appeal.

enterprise, all in violation of 18 U.S.C. § 371. They were each sentenced, *inter alia*, to 60 months' imprisonment, the statutory maximum term. On appeal, both defendants challenge the procedural and substantive reasonableness of their sentences and, based on the fact that there is only an incomplete transcript of his plea proceedings, Degante-Galeno challenges the validity of his guilty plea entered pursuant to Federal Rule of Criminal Procedure 11. For the following reasons, we affirm the district court's judgment in all respects.

**Degante-Galeno's Claims**

Degante-Galeno contends that his guilty plea must be vacated. Both the government and the defendant agree that a considerable portion of the transcript of the Rule 11 proceedings is unavailable despite their diligent efforts to locate it. The partial transcript that was submitted to this Court begins with the district court's inquiry with respect to Degante-Galeno's understanding of the plea agreement and the factual basis for the charges, which follows the part of the Rule 11 proceeding that would normally entail detailed questioning concerning Degante-Galeno's competency and his knowing waiver of various trial-related constitutional rights. Degante-Galeno contends that, because the available transcript does not cover the full proceedings, the record is "silent," Appellant's Br. 12, as to whether the district court complied with several of the Rule 11 requirements, including confirming with the aid of a Spanish interpreter that he understood the proceedings and the nature of the charges and that he knowingly and voluntarily waived certain constitutional rights.

Rule 11 is "designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *United States v. Maher*, 108 F.3d 1513, 1520 (2d Cir. 1997). This Court has "adopted a standard of strict adherence to Rule 11." *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016) (internal quotation marks

3

omitted). Absent a contemporaneous objection, however, "deviations from Rule 11 will not warrant appellate relief when the defendant's 'substantial rights' have not been affected." *Id.* In order to establish that a Rule 11 violation affected his or her "substantial rights," the defendant must show "that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Despite having multiple opportunities to frame an objection, including in this appeal, Degante-Galeno has not asserted that the district court committed any specific errors during the plea colloquy, much less that any error would have "had an effect on his decision to plead guilty." *United States v. Harrington*, 354 F.3d 178, 184 (2d Cir. 2004) (internal quotation marks omitted). He contends that he is entitled to have his guilty plea vacated based solely on the fact that the transcript is incomplete, and he asserts that he has been prejudiced because the absence of a complete transcript makes it impossible for this Court to determine whether he knowingly and voluntarily pleaded guilty.

Degante-Galeno's argument fails for two reasons. First, inexplicably, he has taken no steps, available to him under Rule 10(c) of the Federal Rules of Appellate Procedure, to accommodate the fact that the complete transcript is unavailable.[2] Had he done so when the problems with the transcript first came to light, it is highly likely the parties and the district court would have been able to fill in the material gaps in the record of what transpired at the Rule 11

---

[2] Fed. R. App. P. 10(c) provides: "If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal."

proceedings. Second, "[b]efore we will grant relief based on gaps in the record," we require the appellant "to show specific prejudice to his ability to perfect an appeal." *United States v. Weisser*, 417 F.3d 336, 342-43 (2d Cir. 2005). Under the circumstances presented here, Degante-Galeno's general claim of prejudice, much of which is of his own making by failing to use the processes available to him under Rule 10(c), is insufficient. Although he is correct that prejudice *may* "exist[] if the record is so deficient that it is impossible for the appellate court to determine if the district court has committed reversible error," *id.* at 343 (internal quotation omitted), we are not hampered by such insufficiencies. Rather, the portion of the transcript that *is* available shows that the district court was able to make specific findings as to the voluntariness of Degante-Galeno's plea:

> Since you acknowledge that you are in fact guilty of the charge against you in the superseding information, . . . and since I am satisfied that you know of your rights, including your right to go trial, that you are aware of the consequences that could flow from entering a guilty plea, and the sentence that may be imposed, and since I find that you are pleading guilty voluntarily, I accept your plea.

J. App'x 50.

Degante-Galeno, moreover, does not challenge the validity of these findings. Absent any specific allegation of deficiency in the proceedings, or proposed reconstruction of the record of those proceedings indicating a deficiency, and given the district court's unchallenged factual findings, we are satisfied that the record (albeit incomplete) is adequate to show that Degante-Galeno's guilty plea was knowing and voluntary.[3]

---

[3] We further note that during the Rule 11 proceedings for the co-defendants in this case, for which complete transcripts are available, the district court methodically and thoroughly informed each defendant of his constitutional rights and determined that his guilty plea was knowing and voluntary. (*See, e.g.*, Transcripts, ECF Nos. 138, 145, 150, 162, 164, 176, 178, 182, 192, 213, 215, 217, 219, 235.) In the case before us, the portion of the transcript that is available tracks the language of the co-defendants' guilty plea colloquies, which provides us a further

Next, Degante-Galeno argues that his sentence of 60 months' imprisonment—above the Guidelines range of 33 to 41 months—was procedurally and substantively unreasonable. "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (emphasis omitted) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "This degree of deference is only warranted, however, once we are satisfied that the district court complied with the Sentencing Reform Act's procedural requirements." *Id.* (emphasis omitted). In this regard, a district court "errs procedurally if it does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190.

Degante-Galeno contends that the district court, in relying on his role as both a driver of women to customers' homes and a dispatcher, made a factual assumption that was "unsupported by the record evidence." *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010). Unlike the situation in *Dorvee*, however, the record in this case supported the district court's finding that he was a driver in addition to being a dispatcher. Although during his plea colloquy Degante-Galeno initially denied serving as a driver, he did not challenge the Probation Officer's finding, contained in the Presentence Report ("PSR"), that he "worked as a driver and was responsible for delivering women working or being forced to work as prostitutes to customers' residences." PSR 10. At sentencing, the district court adopted this factual finding, and Degante-Galeno did

indication that the court followed its usual procedures by systematically addressing the Rule 11 requirements.

6

not object.[4]  It was not error, much less plain error, for the district court to base its sentence in part on an unchallenged factual finding adopted from the PSR.  For similar reasons, we reject Degante-Galeno's argument that the district court "improperly attributed [to him] a more significant role than he held," Appellant's Br. 16.

We conclude that Degante-Galeno's sentence was substantively reasonable.  In addition to considering his role in the offense, the district court based the sentence on his complicity in the coercion applied to the victims—some of whom were forced into prostitution, the duration of his participation in the conspiracy, and his failure to acknowledge fully the seriousness of the offense.  Although the court's upward variance was substantial, given the court's thoughtful consideration of the § 3553(a) factors, the sentence was not unreasonable or an abuse of discretion.  *See United States v. Park*, 758 F.3d 193, 199 (2d Cir. 2014).

#### Jiamez-Dolores' Claims

On appeal, Jiamez-Dolores challenges the procedural and substantive reasonableness of his sentence of 60 months' imprisonment.  He argues that the district court did not make sufficient efforts to individualize his sentence based on the § 3553(a) factors and that the sentence was excessively harsh.[5]  We conclude that Jiamez-Dolores' sentence was procedurally

---

[4] In his reply brief, Degante-Galeno further argues that the district court's finding that "[s]ometimes the women had to arrive in a very short window of time or the customers didn't want them, so the women were really very used in this what I call the mobile brothels," J. App'x 150-51, was factually unsupported and thus unreasonable.  That finding, however, is consistent with the PSR, which states that Degante-Galeno had a conversation with his brother "in which they discussed the fact that a customer wanted delivery of a woman working or being forced to work as a prostitute, but that the delivery had to be made within the next 10 to 15 minutes."  PSR 12.

[5] At oral argument, Jiamez-Dolores argued that he was unfairly prejudiced by the change in the government's position between its sentencing memorandum, which recommended a within-Guidelines sentence, and at sentencing, during which the government recommended "a substantial sentence, and not simply just a sentence within the applicable guidelines range."  Def's App'x 40.  The government's recommended sentence was not binding on the district court,

7

reasonable. "[W]e presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted). Based on its assessment of the § 3553(a) factors, the district court varied upward from a Guidelines range of 41 to 51 months and sentenced Jiamez-Dolores to 60 months' imprisonment—a term which was identical to those imposed on the majority of co-defendants. Although Jiamez-Dolores infers from this comparison that the district court failed to consider his individual circumstances in imposing sentence, the court stressed at the sentencing hearing that it had considered "the particular circumstances relating to each and every defendant," Def's App'x. 47, including the § 3553(a) factors. Additionally, the district court recognized that some other defendants with more culpable roles had received the same sentence, and stated that the uniformity of the sentences was driven by the fact that the government had accepted guilty pleas from the defendants to single counts for which the statutory maximum was 60 months, explicitly noting that it would have given certain defendants higher sentences absent that limit. In support of its conclusion that a sentence of 60 months' imprisonment was "sufficient but not greater than necessary," Def's App'x 60, the court explained:

> This is an individualized sentence for this defendant. It's an upward variance because of the duration of his conduct, the multiple roles that he played in this particular conspiracy with respect to being a supervisor both of personnel of the women who were in the Yonkers brothel, as well as being involved in the financial and distributive aspects of the prostitution enterprise. The conditions of . . . this brothel and of the brothels involved in the conspiracy were particularly disgusting. The conditions were particularly shameful. Those aspects and what I've just said is not adequately reflected in the guidelines in the Court's view.

---

and the government did not promise at any time that it would recommend a within-Guidelines sentence. *Cf. United States v. Habbas*, 527 F.3d 266, 271 (2d Cir. 2008). In any event, Jiamez-Dolores was not harmed by the government's change in position because the district court provided advanced notice that it was considering imposing an upward variance.

8

The Court also finds the number of victims is not adequately reflected in the guidelines, as well as the number of times each victim was required to perform services or did perform services over the course of a 24-hour period.

Def's App'x 60. The record reflects the district court's thorough, individualized consideration of the § 3553(a) factors and its justifications for imposing an upward variance in Jiamez-Dolores's case.

In addition, the sentence was substantively reasonable. The district court heard arguments at sentencing that Jiamez-Dolores was a 23-year-old first time offender who became involved in the prostitution conspiracy in order to escape a life of poverty in Mexico. While acknowledging the crime was heinous, defense counsel stressed that there was no evidence that Jiamez-Dolores personally coerced or brutalized women. The court also indicated that it had considered the Probation Office's recommended sentence of 41 months, at the bottom of the Guidelines range, but it noted that the probation officer did not have certain information that was provided in the government's sentencing submission. Ultimately, the district court determined that an upward variance was appropriate. Jiamez-Dolores' role as supervisor, in particular, yielded a higher Guidelines range than most of his co-defendants, and it was reasonable for the district court to consider his level of culpability in the conspiracy. Based on the factors the district court relied upon, we cannot say that the sentence "was shockingly high, . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

**Conclusion**

We have considered all of the defendants' remaining arguments and find them to be without merit. For these reasons, we AFFIRM the judgment of the district court.