**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30024 |
| Plaintiff-Appellee, | D.C. No. 4:21-cr-00033-BLW-3 |
| v. |  |
| ERNESTINE DELAFUENTE, | MEMORANDUM* |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted August 19, 2024**
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Appellant Ernestine Delafuente ("Delafuente") appeals her sentence

following her guilty plea to knowingly and intentionally possessing with intent to

distribute 500g or more of methamphetamine. Delafuente pled guilty pursuant to a

written plea agreement in which she waived her right to appeal the sentence imposed

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

except in certain circumstances not present here.  She now attempts to circumvent this waiver because of an error which caused the latter half of the change of plea hearing not to be recorded; as such, there is an incomplete transcript of the hearing. She argues the record thus does not adequately demonstrate that she knowingly and voluntarily waived her right to appeal during the Federal Rule of Criminal Procedure 11 colloquy.  Because she made no contemporaneous objection to any portion of the plea colloquy, we review the Rule 11 colloquy for plain error, and Delafuente must establish "a reasonable probability that, but for the error, [she] would not have entered the plea." *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004).

The lack of a complete transcript does not preclude review or enforcement of the provisions of the plea agreement, especially when considering the remainder of the record and the standard of review.  The defendant must "satisfy the judgment of the reviewing court, *informed by the entire record*, that the probability of a different result" undermines confidence in the outcome.  *Id.* (emphasis added).  Here, that record includes: (1) Delafuente's executed written plea agreement, which contains clear language waiving the right of appeal; (2) the minutes show that the magistrate court used a plea colloquy checklist at the hearing, which included the knowing and voluntary nature of the plea, her understanding of the terms of the agreement, and her discussion and understanding of "the rights which are being waived"; (3) the magistrate judge's report and recommendation which was filed shortly after the

2

hearing, recommending accepting the plea and that Delafuente entered into it knowingly and voluntarily with full knowledge of the consequence; and (4) the portion of the colloquy that was successfully transcribed shows that the magistrate judge was working through the Rule 11 requirements step by step, the checklist he was using matches the transcribed portion of the colloquy, and there was a lack of any contemporaneous objection to the colloquy. Viewing the totality of the record, we cannot say Delafuente has borne her burden of demonstrating an error in the colloquy, let alone one that affected her willingness to enter the guilty plea. *See, e.g., United States v. Garcia-De La Rosa*, 832 F.3d 128, 131–32 (2d Cir. 2016) (enforcing plea despite incomplete transcript); *United States v. Buckles*, 843 F.2d 469, 473 (11th Cir. 1988) (same).

Delafuente also claims that she did not knowingly and voluntarily enter her guilty plea because (1) she was not accurately informed of the possible supervised release period, and (2) she was not informed of the possibility of consecutive sentences. We have previously held a consecutive sentencing advisement is not required, *United States v. Kikuyama*, 109 F.3d 536, 537–38 (9th Cir. 1997), and the magistrate judge adequately informed Delafuente that in addition to a sentence of life in prison, she could receive at least five years of supervised release. She does not attempt to explain why she would have agreed to the possibility of life in prison through the plea agreement but there is a reasonable probability that she would not

have pled guilty if she had known she could have received a lifetime of supervised release.

Having knowingly and voluntarily entered into a plea agreement in which she waived the right to appeal, this appeal is **DISMISSED.**